# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 18-452-WCB |
| PAYPAL HOLDINGS, INC., | § § § | |
| *Defendant*. | § § § | |
| _____ | § | |
| INGENICO INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 18-826-WCB |
| IOENGINE, LLC, | § § § | |
| *Defendant*. | § § § | |
| _____ | | |
| IOENGINE, LLC, | § § § | |
| *Counterclaim Plaintiff*, | § § | |
| v. | § § § | |
| INGENICO INC., INGENICO CORP., and INGENICO GROUP, S.A., | § § § § | |
| *Counterclaim Defendants*. | § § | |
| _____ | | |

**REVISED SCHEDULING ORDER**

The Court adopts the following revised scheduling order for these consolidated cases based on the parties' proposed scheduling order filed on November 27, 2018, discussions with the parties at the Rule 16(b) scheduling conference held on December 17, 2018, and comments from the parties by letter on January 18, 2019.

With respect to several of the matters discussed at the scheduling conference and covered in the parties' proposed scheduling order filed on November 27, 2018, the Court directed the parties to meet and confer in an effort to reach agreement. The parties did not report any agreement on those subjects in their January 18, 2019, letter to the Court. This order does not address those matters, which include discovery from prior cases, early disclosure of financial information, disclosure of licenses and settlement agreements, the number of requests for admissions, the number of hours for deposition discovery of Mr. McNulty, and the scope of email discovery. If the parties are unable to agree among themselves as to those matters, they may apply to the Court to resolve any remaining disagreements.

1. <u>Resolution of Discovery Disputes</u>. In the event of any disputes over discovery issues that the parties cannot resolve after meeting and conferring and for which the parties need the Court's intervention, the parties may proceed either by motion or by letter. If the parties need an immediate decision, they should contact the Court's law clerk, Mr. Jesse Vella, at vellaj@cafc.uscourts.gov, to schedule a telephonic conference. Unless otherwise ordered, the party seeking relief shall file a letter, no later than 72 hours before the conference, setting forth the issues in dispute and the party's position on those issues. Any party opposing the application for relief shall file a letter no later than 24 hours before the conference setting forth the party's position on the issues.

2

2. <u>Papers Filed Under Seal</u>.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.  Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the sealed/redacted transcript.  With the request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction or to a third party.

3. <u>Parties' Paragraph 4 Disclosures and Other Discovery</u>.  The Court is advised that many of the disclosures required by the District of Delaware's Default Standard for Discovery Including Discovery of Electronically Stored Information have already been made.  The remaining required disclosures will be made in accordance with the following schedule.  Ingenico's remaining paragraph 4(b) disclosures will be made by January 28, 2019.  IOENGINE's paragraph 4(c) disclosures—initial claim charts—will be made by March 1, 2019.  If IOENGINE identifies no more than 20 asserted claims in its paragraph 4(c) disclosures as of that date, PayPal and Ingenico's paragraph 4(d) disclosures—initial invalidity contentions and the related invalidating references—will be made by April 5, 2019.  If IOENGINE does not reduce the number of its asserted claims to 20 or fewer by March 1, 2019, Pay Pal and Ingenico's paragraph 4(d) disclosures will be made by May 6, 2019; in

3

that event, IOENGINE will be required to make a substantial reduction in the number of its asserted claims by May 20, 2019, and to report to the Court by that date which claims it intends to assert at trial.

Jurisdictional discovery will close on June 3, 2010. The defendants may renew their motion to dismiss Ingenico France as a defendant by so advising the Court by June 10, 2019, of their intention to do so. IOENGINE will then be allowed to supplement its response to the defendants' motion to dismiss Ingenico France in a filing of no more than 15 pages in length to be submitted by June 17, 2019. The defendants will be permitted to file a reply to that supplemental response of no more than 15 pages in length, within 14 days of the filing of IOENGINE's supplemental response.

Fact discovery will close on October 30, 2019.

4. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  The deadline for joinder of other parties and amendment of pleadings will be June 4, 2019.

5. <u>Claim Construction Issue Identification</u>. On or before June 4, 2019, the parties shall exchange a list of those claim terms or phrases that they believe need construction and their proposed construction of those terms or phrases. That document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart, which is to be filed with the Court no later than June 25, 2019. The parties' Joint Claim Construction Chart should identify for the Court the terms or phrases of the claims at issue and should include each party's proposed construction of the disputed claim language with citations to the intrinsic and extrinsic evidence in support of their respective proposed construction. The parties shall attach copies of those portions of the record relied on by each party in connection with the constructions set forth in the Joint Claim Construction Chart.

6. <u>Claim Construction Briefing</u>.  The plaintiff shall serve and file its opening claim construction brief, not to exceed 5,500 words, by July 15, 2019.  The defendant shall serve and file its answering brief, not to exceed 8,250 words, by August 1, 2019.  The plaintiff shall serve and file its reply brief, not to exceed 5,500 words, by August 15, 2019.  The defendant shall serve and file its sur-reply brief, not to exceed 2,750 words, by August 26, 2019.

7. <u>Hearing on Claim Construction</u>.  If the Court determines that a claim construction hearing is needed, the hearing will be held at 10 a.m. on August 29, 2019, in Courtroom 2B of the J. Caleb Boggs Federal Building.  If any party elects to present testimony at the hearing, that party must so advise the Court by letter filed at least two weeks before the hearing.

Within 30 days after the Court's claim construction ruling, PayPal and Ingenico will each advise IOENGINE if it intends to rely upon advice of counsel as a defense to willful infringement.  Any opinions of counsel on which PayPal or Ingenico intend to rely as a defense to willful infringement will be produced within 15 days of the disclosure of an intent to rely on the advice of counsel.

8. <u>Disclosure of Expert Testimony</u>.  For the party that has the initial burden of proof on a particular issue, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before December 12, 2019.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 13, 2020.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.   Depositions of experts shall be completed on or before February 18, 2020. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), it shall be made by motion

5

no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

9. <u>Case Dispositive Motions (Other Than Motions Under Rule 12, Fed. R. Civ. P.)</u>. Each party may file as many case dispositive motions as it chooses, provided that each party will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to one or more case dispositive motions, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total number of words permitted for all case dispositive and *Daubert* motions shall be increased to a total of 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each party. Case dispositive motions will be due on or before March 16, 2020. Answering briefs will be due by April 15, 2020. Reply briefs will be due by April 29, 2020. A hearing on case dispositive motions, if needed, will be conducted on May 10, 2020.

10. <u>Pretrial Conference</u>. On July 20, 2020, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The conference will be held at 10 a.m. in Courtroom 6C of the J. Caleb Boggs Federal Building. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

11. <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>. If the case is to be tried to a jury, each party shall file (i) proposed voir dire questions, (ii) proposed preliminary jury instructions, (iii)

proposed final jury instructions, and (iv) a proposed verdict form no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. *See* Local Rules 47.l(a)(2) and 51.1. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to brysonw@cafc.uscourts.gov.

12. Trial. This matter is scheduled for two five-day jury trials. The trial in No. 18-452, IOENGINE, LLC v. PayPal Holdings, Inc. will be held between July 27, 2020, and July 31, 2020, in Courtroom 6A of the J. Caleb Boggs Federal Building. The trial in No. 18-826, IOENGINE, LLC v. Ingenico Inc. et al. and Ingenico Inc. v. IOENGINE, LLC, will be held between August 10, 2020, and August 14, 2020, in Courtroom 6A of the J. Caleb Boggs Federal Building. The trials will be timed, and each party will be allocated a total of 12 hours in which to present their respective cases, not counting opening statements and closing arguments.

13. Judgment on the Verdict and Post-Trial Status Report. Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

14. Post-Trial Motions. Unless otherwise ordered by the Court, each party is limited to one post-trial motion addressing all post-trial issues each party elects to raise. Each party will be allowed a maximum of 40 pages for its opening brief, 40 pages for its answering brief, and 20 pages for its reply brief relating to the post-trial motions.

15. Courtesy Copies. The parties are not required to provide the Court with courtesy hard copies of any materials filed electronically, except during trial.

16. <u>ADR Process</u>.   This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

IT IS SO ORDERED.

SIGNED THIS 25th day of January, 2019.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE