## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENICO INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>IOENGINE, LLC,<br><br>        Defendant. | C.A. No. 18-826-WCB<br><br>**PUBLIC VERSION--**<br>**Filed: February 23, 2021** |
| IOENGINE, LLC,<br><br>        Counterclaim Plaintiff,<br><br>   v.<br><br>INGENICO INC., INGENICO CORP., and<br>INGENICO GROUP S.A.,<br><br>        Counterclaim Defendants. | |

## INGENICO'S MOTION REQUESTING ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Plaintiff/counterclaim defendant Ingenico Inc. and counterclaim defendants Ingenico Corp. and Ingenico Group S.A. (together "Ingenico"), by and through their undersigned attorneys, respectfully request that the Court issue a letter of request for international judicial assistance, attached hereto, pursuant to Article I of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and Rules 26 and 28 of the Federal Rule of Civil Procedure.

The letter is needed to facilitate the gathering of evidence by Ingenico from two individuals who reside in Israel and who have both been identified by defendant/counterclaim plaintiff,

IOENGINE, LLC ("IOENGINE"), as having information pertinent to the development of the technology embodied by IOENGINE's asserted patent claims.

## Factual Background

Ingenico Inc. filed this suit seeking a declaratory judgment after IOENGINE filed a separate action against Ingenico's customer PayPal Holdings, Inc. ("Pay Pal"), alleging that certain products that Ingenico Inc. provided Pay Pal infringed three IOENGINE patents. IOENGINE filed counterclaims, which currently assert that Ingenico infringes claims from two of the patents cited against Pay Pal.

During the course of discovery, Ingenico propounded various interrogatories to IOENGINE. In its January 22, 2019 Responses and Objections to Ingenico's First Set of Interrogatories, IOENGINE stated that Mr. Gidon Elazar and Mr. Daniel Harkabi assisted in the efforts of Mr. Scott McNulty, named inventor of the asserted patents and founder of IOENGINE, to reduce the asserted inventions to practice. *See* Declaration of Sharona H. Sternberg in Support of Ingenico's Request for Issuance of a Letter of Request Pursuant to the Hague Evidence Convention at ¶ 2, filed simultaneously herewith (hereinafter "Sternberg Decl."). In view of this acknowledgment, Ingenico reasonably believes that Mr. Elazar and/or Mr. Harkabi are likely to have evidence in the form of documents and/or electronically stored information and testimony pertinent to Ingenico's claims and defenses.

In an effort to verify this belief, Ingenico has, through counsel, reached out to Mr. Elazar and Mr. Harkabi via email on two occasions (August 12 and 19, 2019), but received no response. Sternberg Decl. at ¶ 3. Under different circumstances, Ingenico could now resort to issuing subpoenas to Mr. Elazar and Harkabi, but both gentlemen apparently reside in Israel, outside of

the subpoena jurisdiction of the Court.[1]  Accordingly, Ingenico asks that the Court issue a letter of request pursuant to the Hague Evidence Convention, seeking judicial assistance abroad in obtaining relevant evidence in the possession, custody, or control of Mr. Elazar and/or Mr. Harkabi.

## Legal Analysis

Ingenico's request is authorized under Rules 26 and 28(b) of the Federal Rules of Civil Procedure and the Hague Evidence Convention, Mar. 19, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted in the notes section following 28 U.S.C. § 1781 ( the "Hague Evidence Convention"). The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting nation may request evidence located in another nation." *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004). The Hague Evidence Convention "serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct., D. Iowa*, 482 U.S. 522, 538 (1987)).

Both the United States and Israel are signatories to the Hague Evidence Convention.[2] There are three available methods of taking evidence pursuant to the Hague Evidence Convention, the first of which is via a "Letter of Request from a U.S. judicial authority to the competent authority in the foreign state." *Abbott Labs. v. Impax Labs., Inc.*, No. CIV.A. 03-120-KAJ, 2004 WL 1622223, at *2 (D. Del. July 15, 2004).

---

[1] The most recent SEC Form D filed on behalf of Dental SMARTmirror, Inc., a company with which both Mr. Elazar and Mr. Harkabi are associated, indicates that both men reside in Israel. Sternberg Decl. at ¶ 4.

[2] *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82

The party requesting issuance of a letter of request under the Hague Evidence Convention bears the burden of persuading the court that such action is necessary. *Tulip Computers,* 254 F. Supp. 2d at 474. "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Id.* (quoting *Aerospatiale*, 482 U.S. at 541). Factors that favor the issuance of a letter of request include when those targeted are: (1) not parties to the suit in question; (2) have not voluntarily subjected themselves to discovery; and (3) reside in another jurisdiction such that they are not subject to the jurisdiction of the court. *Id.* at 474. Indeed, "[w]hen discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory." *Aerospatiale,* 482 U.S. at 546.

The documents that Ingenico seeks go right to the heart of the pending litigation – the manner by which IOENGINE reduced its asserted invention to practice. The individuals living in Israel from whom Ingenico seeks documents and testimony have been disclosed by IOENGINE as having assisted with that process. The relevance is clear. Moreover, the three factors that led the *Tulip Computers* court to issue the petitioned letter of request are present here:

1. Mr. Elazar and Mr. Harkabi are not parties to this litigation;

2. Despite efforts taken by Ingenico, Mr. Elazar and Mr. Harkabi have not voluntarily subjected themselves to discovery in this case; and

3. Because they reside in Israel, Mr. Elazar and Mr. Harkabi are not subject to the jurisdiction of this court.

Further, these factors mirror those (discovery sought from a non-party in a foreign jurisdiction) that prompted the Supreme Court to state that application of the Hague Evidence Convention is "virtually compulsory." *Aerospatiale,* 482 U.S. at 546.

4

Accordingly, Ingenico submits that it has met the burden of persuasion required by prevailing law, and respectfully requests that the Court issue the letter of request in regard to Mr. Elazar and Mr. Harkabi.

|  |  |
|---|---|
| | /s/ Frederick L. Cottrell, III |
| | Frederick L. Cottrell, III  (#2555) |
| | Christine D. Haynes (#4697) |
| OF COUNSEL: | Richards, Layton & Finger, P.A. |
| | 920 North King Street |
| Kerry L. Timbers | Wilmington, DE 19801 |
| Sharona H. Sternberg | (302) 651-7508 |
| Sunstein LLP | cottrell@rlf.com |
| 100 High Street | Haynes@rlf.com |
| Boston, MA 02110 | |
| (617) 443-9292 | |
| ktimbers@sunsteinlaw.com | *Attorneys for Plaintiff and Counterclaim* |
| ssternberg@sunsteinlaw.com | *Defendants* |

Dated:  February 2, 2021

RLF1 24732215v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2021, true and correct copies of the foregoing document were served, via e-mail, on the following:

Neal C. Belgam
Eve H. Ormerod
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899

Noah M. Leibowitz
Gregory T. Chuebon
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797

Derek J. Brader
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA  19104-2808

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
Haynes@rlf.com