## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENICO INC.,<br>*Plaintiff,*<br><br>v.<br><br>IOENGINE, LLC,<br>*Defendant.*<br><br>―――――――――――――――――<br><br>IOENGINE, LLC,<br>*Counterclaim Plaintiff,*<br><br>v.<br><br>INGENICO INC.,<br>INGENICO CORP., and<br>INGENICO GROUP SA,<br>*Counterclaim Defendant*s. | C.A. No. 18-826-WCB<br><br>JURY TRIAL DEMANDED |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant/Counterclaim Plaintiff IOENGINE, LLC will serve a Subpoena to Testify at a Deposition in a Civil Action to Clover Network, Inc.. A copy of the subpoena is attached to this Notice.

Dated: May 5, 2021

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Eve H. Ormerod*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendant/Counterclaim
Plaintiff IOENGINE, LLC*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Delaware

| | | |
|---|---|---|
| Ingenico Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:18-cv-00826-WCB |
| | ) | |
| IOENGINE, LLC | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 
Clover Network, Inc. c/o Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment B

| Place: Dechert LLP c/o Gregory T. Chuebon<br>Cira Centre, 2929 Arch Street, Philadelphia, PA 19104 | Date and Time:<br>05/27/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A.  Documents to be produced by 05/21/2021 at 9:00 am at the place listed above.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/05/2021

_CLERK OF COURT_

OR

_____          /s/ Gregory T. Chuebon
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
IOENGINE LLC
_____ , who issues or requests this subpoena, are:
Gregory T. Chuebon, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036, Tel: (212) 698-3500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:18-cv-00826-WCB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff IOENGINE, LLC ("IOENGINE") hereby requests that YOU produce and permit the inspection and copying of the documents or tangible things described below that are in YOUR possession, custody, or control and at the time and place specified in the subpoena.

## DEFINITIONS

1.      "IOENGINE" means and includes Defendant and Counterclaim Plaintiff IOENGINE, LLC and all subsidiaries and affiliates thereof; all divisions, predecessors, successors, and assigns of each of the foregoing; and all current officers, directors, employees, agents, consultants, accountants, administrators, and all other persons or organizations or others acting or purporting to act on behalf, or under the control, of each of the foregoing, including all temporary employees and independent contractors.

2.      "Ingenico" means and includes Ingenico Inc., Ingenico Corp., and Ingenico Group SA, and all subsidiaries and affiliates thereof, all divisions, predecessors, successors, and assigns; and all current officers, directors, employees, agents, consultants, accountants, administrators, and all other persons or organizations or others acting or purporting to act on its behalf, or under its control, including all temporary employees and independent contractors.

3.      "Clover," "YOU," and/or "YOUR" shall mean Clover Networks, Inc. and all subsidiaries and affiliates thereof, all divisions, predecessors, successors, and assigns; and all current officers, directors, employees, agents, consultants, accountants, administrators, and all other persons or organizations or others acting or purporting to act on its behalf, or under its control, including all temporary employees and independent contractors.

4.      "Document" means and includes the original and each copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether final or draft, including, but not limited to, all materials and things that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence or "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure.  The term "Document" further includes, but is not limited to, all records, letters, notes, correspondence, electronic mail or e-mail, telegrams, telexes, facsimiles, notes or sound recordings of any type, minutes of any meetings, memoranda, intra or inter-office Communications, reports, written analyses, contracts, supplements, comments, contracts, licenses, agreements, ledgers, books of accounts, vouchers, bank checks, bank statements, invoices, charge slips, receipts, working papers, statistical records, cost sheets, stenographers' notebooks, transcripts, judicial pleadings, petitions, motions, declarations, affidavits, desk calendars, appointment books, diaries, time sheets or logs, telephone logs, maps, illustrations, diagrams, photographs, movies, films, video and audio tapes, electronic, magnetic, optical or magneto-optical records, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, surveys, questionnaires, computer data, however stored, including data stored on or in diskettes or cartridges and disk drives or other magnetic or optic or magneto-optical recording devices and/or media, punch cards, paper tapes, magnetic tapes, print outs, reports, books and job or transaction files, notebooks, data sheets, microfilm, microfiche, electronic mail, photographic negatives, pictures, test results, belts, plotter output recordings, data cards, data processing files and other computer-readable records or programs, object code, source code, microcode, or anything similar to any of the foregoing, however denominated by the responding party, as well as copies, including archived copies, amendments, modifications, and drafts of the foregoing.

5.      The term "All Documents" shall mean any and all Documents (as defined above), that are, or may come into, YOUR possession, custody, and/or control.

6.      The term "Documents Sufficient to Show" means documents sufficient to provide IOENGINE with a complete, true, and correct disclosure of the factual matter requested.

7.      "Thing" means and includes any tangible item other than a Document.

8.      "Relate," "Relate To," "Relating To," "Concern," or "Concerning," shall mean constituting, describing, discussing, mentioning, evidencing, pertaining to, consisting of, referring, reflecting, or having any logical or factual connection with, the matter discussed.

9.      "Person" means any natural person, company, corporation, partnership, firm, association, government agency or other organization cognizable at law, and its agents, representatives, and employees.

10.     "Communication" means any transmission of information from one Person or entity to another, including without limitation any of the following: (a) any letter, memorandum, or other Document; (b) any electronic mail message; (c) any telephone call between two or more Persons, whether or not such call was by chance or prearranged, formal or informal; and (d) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal, or informal.

11.     "Identify" as used herein means the following:

       a.      With respect to a natural Person, to provide: full name, present or last known business address and telephone number, present or last known residential address and telephone number, and occupation and business position or title held.

b.     With respect to a legal or business entity, to provide full name, place of incorporation or organization (if any), principal place of business, and identification of any representative of such entity who has knowledge Relating To any information in connection with which such entity has been identified.

c.     With respect to such Document, to provide: the date the Document bears or was prepared or transmitted; the identity of each Person who authored, signed, created or prepared the Document; the identity of each addressee or recipient of the Document; its title and general character (subject matter); the number of pages in the Document; the identity of the Persons having possession, custody, or control of the original or copies of the Document; the present location of the Document that You contend is privileged, immune, or otherwise excludable from discovery; the basis for such claim of privilege, immunity, or exclusion (in sufficient detail for the Court to rule on such claim) and whether You would be willing to produce such Document or portions of such Document under a suitable protective order.

d.     With respect to a Document or Thing, your obligation to Identify it pursuant to these instructions may alternatively be satisfied by Your agreement to produce the Document involved, provided You agree to do so expressly in writing, and that You indicate at the time of the Production the specific discovery request pursuant to which the item is being produced.

12. The term "IOENGINE Patents" means United States Patent Nos. 7,861,006; 8,539,047; 9,059,969; 9,774,703; 10,397,374; and 10,447,819, collectively and individually.

13. "mPOS Card Readers" means and includes, without limitation, the Moby/8500, Moby/3000, RP750x Chip & Pin Mobile Card Reader, RP750c Chip & Pin Mobile Card Reader, RP457c Series, RRP350x Chip & Sign Mobile Card Reader, ROAMpay Swiper, G2card Mobile Card Reader, G3X Mobile Card Reader, G4X Mobile Card Reader, G5X Mobile Card Reader,[1] and reasonably similar Ingenico products with on-board storage and processing capabilities that embody the apparatuses or practice the methods claimed by any of the Patents-in-Suit.

14. "Tablet POS Solutions" means and includes, without limitation, the Moby/C150, Moby/M120, Moby/M100, Moby/M70,[2] and reasonably similar Ingenico products with on-board storage and processing capabilities that embody the apparatuses or practice the methods claimed by any of the Patents-in-Suit.

15. "Mobile Smart Terminals" means and includes, without limitation, the iSMP Companion, iSMP3, iSMP4, iSMP4 Companion, Link/2500, iCMP,[3] and reasonably similar Ingenico products with on-board storage and processing capabilities that embody the apparatuses or practice the methods claimed by any of the Patents-in-Suit.

16. "Accused Ingenico Products" means and includes, without limitation, Ingenico's mPOS Card Readers, Tablet POS Solutions, and Mobile Smart Terminals.

---

[1] *See, e.g.*, *mPOS Card Readers*, INGENICO MOBILE SOLUTIONS, https://ingenico.us/mobile-solutions/mpos-card-readers (last visited April 27, 2021).

[2] *See, e.g.*, *Tablet POS Solutions*, INGENICO MOBILE SOLUTIONS, https://ingenico.us/mobile-solutions/tablet-pos (last visited April 27, 2021).

[3] *See, e.g.*, *Mobile Smart Terminals*, INGENICO MOBILE SOLUTIONS, https://ingenico.us/mobile-solutions/mobile-smart-terminals (last visited April 27, 2021).

17.     "Ingenico Mobile Apps" means and includes, without limitation, the Ingenico ROAMpay X5 App, the Ingenico ROAMpay X4 App, similar mobile applications, and any other Product, software, service, or method manufactured, used, offered for sale, made available or offered for download, sold, imported into the United States, or practiced by Ingenico or its customers that is used, can be used, or is designed to be installed, run, or used on an iOS, Android, or similar smartphone or tablet device with or in connection with any Ingenico Infringing Mobile Product  for the processing of credit card payments.

18.     "Clover App" means and includes any third party application any other Product, software, service, or method manufactured, used, offered for sale, made available or offered for download, sold, imported into the United States, or practiced by Clover or its customers that is used, can be used, or is designed to be used on an iOS, Android, or other mobile device with or in connection with any Accused Ingenico Product for the processing of credit card payments.

19.     "Compatible Third-Party Mobile Apps" means and includes any other Product, software, service, or method manufactured, used, offered for sale, made available or offered for download, sold, imported into the United States, or practiced by Ingenico, its customers, or end-users of any Accused Ingenico Products, or that was developed by or for Ingenico, or with documentation, executable or source code, guidance, or assistance from Ingenico, and/or developed using an SDK provided by Ingenico, that is used, can be used, or is designed to be used on an iOS, Android, or similar smartphone or tablet device with or in connection with any Accused Ingenico Product for the processing of credit card payments.

20.     "Transaction Revenue" means and includes any merchant fees or transaction fees generated, charged, or paid Relating To any Accused Ingenico Products or the use of the Clover App or any Compatible Third-Party Mobile Apps.

21.     The terms "and" as well as "or" shall be construed disjunctively as well as

conjunctively as necessary in order to bring within the scope of the following requests all

information which might otherwise be construed to be outside their scope.

22.     As used herein, the word "including" is intended to be comprehensive and means

"including, but not limited to"; the word "any" shall mean "any and all"; and the word "each"

shall mean "each and every."

23.     "Accused Functionality" means (1) Accused Ingenico Product device setup

including but not limited to connecting or "pairing" an Accused Ingenico Product to an iOS,

Android, or other mobile device, (2) using an Accused Ingenico Product to process chip card

("EMV") card payments, (3) using an Accused Ingenico Product to process magnetic stripe card

payments, (4) using an Accused Ingenico Product to process contactless payments, (5) using an

Accused Ingenico Product to process refunds, (6) updating the firmware on an Accused Ingenico

Product, (7) cryptographic processing on-board an Accused Ingenico Product, (8) network

communication features Relating To any of the foregoing, (7) using an Ingenico Mobile App,

Clover App, or any other application provided by YOU for, in connection with, or Relating To

any of the foregoing, and/or (8) using an Ingenico Mobile App, Clover App, or any other

application provided by YOU with an Accused Ingenico Product.

## INSTRUCTIONS

1.     This subpoena calls for YOU to produce all documents identified below under the

heading "DOCUMENTS TO BE PRODUCED" that are within YOUR possession, custody, or

control, or are otherwise available to YOU.

2.      All documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

3.      All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, socket or grouping, in the same order or manner of arrangement as the original. Documents attached to each other must not be separated. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or container shall be attached to the document. Alternatively, as to each document produced in response hereto, YOU shall identify by set and number the request for production and where applicable, the interrogatory number, in response to which the document is being produced

4.      All documents must be produced, regardless of whether such documents are possessed directly by YOU or are possessed by any of YOUR officers, directors, employees, agents, representatives, or attorneys.

5.      If any of the Documents requested herein are no longer in YOUR possession, custody, or control, YOU requested to Identify each such requested Document, by date, type of Document, Person(s) from whom sent, Person(s) to whom sent, and to provide a summary of its pertinent contents.

6.      If any Document responsive to these requests has been destroyed, describe the content of such Document, the location of any copies of such Document, the date of such

destruction, the Person who ordered or authorized such destruction, and the reason for such destruction.

7.       If, because of a claim of privilege, YOU do not respond to any Document request or subpart thereof, or YOU withhold any Document or Thing, set forth the privilege claimed, the facts upon which YOU rely to support the claim of privilege, and furnish a list Identifying each Document and Thing for which the privilege is claimed, together with the following additional information:

     a.   A brief description of the nature and subject matter of the Document or Thing, including the title and type of Document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or Thing;

     b.   The Document's date or the Thing's date of creation;

     c.   The identity of the author(s) or creator(s);

     d.   The identity of the Person(s) to whom the Document is addressed or to whom the Thing has been provided, including all Persons who received copies, photographs, or other representations of the Document or Thing;

     e.   The identity of the Person(s) to whom the Document or Thing was sent;

     f.   The identity of the present custodian of the Document or Thing;

     g.   The current location of the Document or Thing;

     h.   For each withheld Document, its number of pages; and

     i.   The request or subpart to which the Document, withheld information, or other Thing is otherwise responsive.

8.      Identify any program necessary to view or open any electronic file produced.  To the extent that any software required to open a file is not generally available, provide a program in YOUR possession capable of opening said Document.

9.      To the extent YOU allege that the meaning of any term in these requests is unclear, then YOU are to assume a reasonable meaning, state that assumed reasonable meaning, and answer the request on the basis of that assumed meaning.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Documents Sufficient to Show the design, development, and operation of any Accused Functionality of the Clover App or any other Compatible Third-Party Mobile App provided by YOU including, but not limited to, block diagrams, specifications, software, source code, manuals, schematics, flow diagrams, architectural diagrams, design documents, functional descriptions, and operating instructions.

2.      Communications with Ingenico Relating To any Accused Ingenico Product, Ingenico Mobile App, or the Clover App.

3.      Documents provided by Ingenico to YOU relating to the development of the Clover App or any other Compatible Third-Party Mobile App provided by YOU, including but not limited to documents provided to aid or assist Clover in the development of any application.

4.      Communications with Ingenico Relating To IOENGINE, any of the IOENGINE Patents, or any litigation relating to the IOENGINE Patents, including at least *IOENGINE, LLC v. PayPal Holdings, Inc.*, 18-cv-452-WCB (D. Del.) and *Ingenico Inc. v. IOENGINE, LLC*, 18-cv-826-WCB (D. Del.).

5.      Any contracts, agreements, or licenses between YOU and Ingenico.

6.      Documents Sufficient to Show any money paid by YOU to Ingenico or any money paid by Ingenico to YOU.

7.      Documents Sufficient to Show all revenue generated by any Accused Ingenico Product purchased or sold by YOU.

8.      Documents Sufficient to Show all revenue generated by the Clover App or any other Compatible Third-Party Mobile App provided by YOU including, but not limited to, Transaction Revenue generated by users of or otherwise Relating To the Clover App or any other Accused Ingenico Product.

9.      Documents Sufficient to Show any projections as to the future revenues, including but not limited to Transaction Revenues, to be derived from any Accused Ingenico Product provided by YOU, the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

10.     Documents Sufficient to Show the number of unique users of any Accused Ingenico Product provided by YOU, the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

11.     Documents Sufficient to Show the marketing of any Accused Ingenico Product provided by YOU, the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

12.     Documents Sufficient to Show the provision of mobile payment services using the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

**DRAFT**                                                                **Privileged and Confidential**

## ATTACHMENT B

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff IOENGINE, LLC ("IOENGINE")hereby requests that YOU appear at the time, date, and place specified the foregoing subpoena to testify at a deposition to be taken in this civil action about the matters and topics specified below.

## DEFINITIONS

The Definitions set forth in Attachment A to IOENGINE, LLC's Subpoena to Testify at a Deposition in a Civil Action are hereby incorporated by reference.

## TOPICS

1.      The design, development, and operation of any Accused Functionality of the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

2.      Marketing activities undertaken by YOU in relation to the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

3.      The formation and nature of any business relationship between YOU and Ingenico.

4.      Any contracts, agreements, or licenses between YOU and Ingenico

5.      Any communications between YOU and Ingenico relating any Compatible Third-Party Mobile App or any contracts, agreements, or licenses between YOU and Ingenico.

6.      Any revenue, including but not limited to Transaction Revenues, generated by or derived from the Clover App or any other Compatible Third-Party Mobile App provided by YOU.

**DRAFT**                                                                                          **Privileged and Confidential**

7.      Any projections of future revenue, including but not limited to Transaction

Revenues, to be generated by or derived from the Clover App or any other Compatible

Third-Party Mobile App provided by YOU.

8.      The number of users of the Clover App or any other Compatible Third-Party

Mobile App provided by YOU.

9.      Authentication of all documents produced in response to the foregoing subpoena.