## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENICO INC.,<br>　　*Plaintiff*,<br><br>　　　　v.<br><br>IOENGINE, LLC,<br>　　*Defendant.*<br><br>────────────<br><br>IOENGINE, LLC,<br>　　*Counterclaim Plaintiff,*<br><br>　　　　v.<br><br>INGENICO INC.,<br>INGENICO CORP., and<br>INGENICO GROUP SA,<br>　　*Counterclaim Defendant*s. | C.A. No. 18-826-WCB<br><br>JURY TRIAL DEMANDED |

## JOINT [PROPOSED] FINAL PRETRIAL ORDER

On June 13, 2022 at 11:00 a.m., counsel for counterclaim plaintiff and defendant IOENGINE, LLC ("IOENGINE" or "Plaintiff") and counsel for counterclaim defendant and plaintiff Ingenico Inc., Ingenico Corp. and Ingenico Group S.A. (collectively "Ingenico" or "Defendants") will participate in a Pretrial Conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3, and the Fifth Revised Scheduling Order in this case.  Pursuant to Local Rule 16.3, Plaintiffs and Defendants hereby submit for the Court's approval this proposed Final Pretrial Order governing the above-captioned jury trial, which is currently scheduled to commence on July 11, 2022.

The parties have conducted meet and confers and will continue to engage in good faith efforts to reduce the number of disputes and objections contained herein.

## <u>TABLE OF CONTENTS</u>

**Page**

I.     NATURE OF CASE ................................................................................................ 1

    A.    Nature of the Action ................................................................................ 1

    B.    Jurisdiction .............................................................................................. 2

    C.    Claim Construction ................................................................................. 3

    D.    Pending Motions ..................................................................................... 3

II.    ISSUES OF FACT ............................................................................................... 4

    A.    Uncontested Facts ................................................................................... 4

    B.    Contested Facts ....................................................................................... 4

III.    ISSUES OF LAW ................................................................................................ 4

IV.    INTENDED PROOFS .......................................................................................... 5

V.    TRIAL WITNESSES ........................................................................................... 5

    A.    Deposition Designations ......................................................................... 5

    B.    Agreements Regarding Presentation and Identification of Witnesses ................... 7

VI.    EXHIBITS ......................................................................................................... 8

    A.    Demonstrative Exhibits ........................................................................ 11

VII.    DOCUMENTS CONTAINING JUDICIAL ADMISSIONS .......................................... 12

VIII.    RELIEF SOUGHT ............................................................................................. 13

IX.    DISCOVERY ................................................................................................... 14

X.    NUMBER OF JURORS ..................................................................................... 14

XI.    LENGTH OF TRIAL ......................................................................................... 15

XII.    HANDLING OF CONFIDENTIAL INFORMATION AT TRIAL ................................. 15

XIII.    MISCELLANEOUS TRIAL STIPULATIONS ....................................................... 16

XIV.    MOTIONS FOR JUDGMENT AS A MATTER OF LAW .......................................... 17

XV.    AMENDMENTS OF THE PLEADINGS ............................................................... 17

XVI.    SETTLEMENT ................................................................................................. 17

## INDEX OF EXHIBITS

**STATEMENT OF UNCONTESTED FACTS WHICH REQUIRE NO PROOF**

Joint                                Exhibit 1

**STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**

Plaintiff                            Exhibit 2P

Defendants                           Exhibit 2D

**STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

Plaintiff                            Exhibits 3P

Defendants                           Exhibits 3D

**BRIEF STATEMENT OF INTENDED PROOF**

Plaintiff                            Exhibits 4P

Defendants                           Exhibits 4D

**TRIAL WITNESSES**

Plaintiff                            Exhibits 5P

Defendants                           Exhibits 5D

**DEPOSITION DESIGNATIONS**

Plaintiffs                           Exhibits 6P

Defendants                           Exhibits 6D

**UNCONTESTED EXHIBITS**

Joint                                Exhibit 7

**CONTESTED EXHIBITS**

Plaintiff                            Exhibits 8P

Defendants                           Exhibits 8D

I.      NATURE OF CASE

A.      Nature of the Action

1.      This case began as a declaratory judgment action, filed by plaintiff Ingenico Inc. for non-infringement. See D.I. 1 (the "DJ Complaint"). Ingenico Inc. filed the DJ Complaint in response to IOENGINE's complaint against PayPal Holdings, Inc. ("PayPal"), filed in this Court and alleging infringement of three patents. Case No. 18-cv-482 (the "PayPal Action"). Ingenico's DJ Complaint referred to the PayPal case as a "Customer Suit" and alleged, among other things, that certain of the accused infringing PayPal products are "supplied to PayPal by Ingenico" and that "[t]he Customer Suit has triggered an indemnity request by PayPal to Ingenico." DJ Complaint ¶¶ 5, 7-8.[1] The schedules in this case and the PayPal Action were coordinated for all pretrial purposes, and the parties entered into a Stipulation Regarding Documents Relating to Subpoenas providing that each of PayPal, Ingenico, and IOENGINE will permit the use of all discovery in this action in the PayPal Action and all discovery in the PayPal Action in this Action, with the parties preserving all objections.  D.I. 293.

2.      In response to the DJ Complaint, IOENGINE counterclaimed for infringement by Ingenico. See D.I. 12 (the "Counterclaims").

3.      IOENGINE is asserting infringement of United States Patent Nos. 9,059,969 (the "'969 Patent") and 9,774,703 (the "'703 Patent") (together, the "Asserted Patents").  IOENGINE contends that Ingenico infringes certain claims of the Asserted Patents directly (alone or jointly) and indirectly by making, using, selling and offering for sale various mobile point of sale products, namely: MOBY/8500, MOBY/3000, RP750x, RP450/RP450c, RP457c Series, RP45-BT/RP45X-

_____

[1] Matters relating to indemnification are addressed in the parties' pending Motions *in Limine*. The discussion of these matters herein is not a waiver of any of the issues raised in those pending motions.

BT, RP350x, G5X, G4X, G3X, iSMP, iSMP Companion, iSMP4, iSMP4 Companion, iCMP, and Link/2500. These products are mobile point-of-sale card readers that are compatible with a smartphone or tablet that runs a mobile payment application. These products accept card based payment information, including EMV Chip & PIN, magnetic stripe, and contactless payment types.

4.     IOENGINE contends that Ingenico's infringement is willful.  IOENGINE seeks a permanent injunction, damages, attorneys' fees, costs, and interest. In the event that Ingenico is found to have willfully and deliberately committed acts of infringement, IOENGINE will seek treble damages.

5.     Ingenico denies infringement of any valid and enforceable claim, denies IOENGINE is entitled to any of the relief it seeks, and denies there exists any basis for injunctive relief or willful infringement.   Ingenico seeks declaratory judgment of non-infringement, invalidity, and unenforceability of each asserted patent.  D.I. 1 ("Complaint") and D.I.68 (First Amended Answer and Counterclaims).  Ingenico seeks attorneys' fees, costs, and interest.

6.     During the pendency of this case, Ingenico filed a series of Inter Partes Reviews directed to the Asserted Patents.  Final Written Decisions were entered on September 21, 2020 finding some challenged claims unpatentable, including all independent claims upon which the presently asserted claims depend.  These Final Written Decisions are on appeal.[2]

**B.     Jurisdiction**

7.     This is an action for patent infringement and the jurisdiction of the court is invoked under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Subject matter jurisdiction is not disputed.

---

[2] Matters relating to the IPRs and Final Written Decisions are addressed in the parties' pending Motions *in Limine* and Motions for Summary Judgment.  The discussion of these matters herein is not a waiver of any of the issues raised in those pending motions.

8.      The parties do not dispute personal jurisdiction or venue for purposes of this action.

**C.      Claim Construction**

9.      On June 25, 2021, the Court issued a Memorandum Order in this case and the PayPal Action, construing two terms of the patents-in suit: "Interactive User Interface" and "Program Codes," which appear in all asserted claims of the '969 and '703 patents. Additionally, the Court rejected PayPal's indefiniteness challenge that five asserted claims claim both a method and an apparatus or are ambiguous in that regard.  D.I. 248.

**D.      Pending Motions**

10.     The parties' motions *in limine* are pending.

11.     On February 18, 2022, IOENGINE filed a combined motion for partial summary judgment. D.I. 352.  IOENGINE moved for a finding of no invalidity due to statutory estoppel under 35 U.S.C. § 315(e)(2), no anticipation under 35 U.S.C. § 102 over the alleged "Fuji FinePix6800Z camera" and "DiskOnKey," and to exclude certain testimony of Ingenico's damages and invalidity experts, Dr. Sussman and Dr. Geier respectively.  These motions remain pending.

12.     On February 18, 2022, Ingenico filed a motion to preclude the testimony of Dr. Stec, Plaintiff's damages expert. D.I. 353; a motion to preclude the testimony of Dr. Klenk, Plaintiff's expert on commercial success. D.I. 354; a motion for summary judgment of no indirect infringement. D.I. 355; a motion for summary judgment that Plaintiff is estopped from relitigating the validity of claims found unpatentable by the PTAB. D.I. 356; a motion for summary judgment of no direct or joint infringement. D.I. 357; and a motion for summary judgment that the asserted claims are invalid under section 101. D.I. 358.  These motions remain pending.

## II.     ISSUES OF FACT

### A.     Uncontested Facts

13.     Per agreement of the parties, the facts listed in **Exhibit 1** hereto are not contested for purposes of trial. These uncontested facts shall require no proof at trial and will become part of the evidentiary record at trial. Any party may introduce any of the uncontested facts to the jury at any time without prior notice.[3]

### B.     Contested Facts

14.     Plaintiff's statement of the issues of fact that remain to be litigated is attached as **Exhibit 2P**.

15.     Defendants' statement of the issues of fact that remain to be litigated is attached as **Exhibit 2D**.

16.     If the Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

## III.     ISSUES OF LAW

17.     Plaintiff's statement of the issues of law that remain to be litigated is attached as **Exhibit 3P**.

18.     Defendants' statement of the issues of law that remain to be litigated is attached as **Exhibit 3D**.

---

[3] IOENGINE's position is that the "Nature of Suit" section of the uncontested facts should include mention of IOENGINE's lawsuit against PayPal, PayPal's indemnity request to Ingenico, and that the present lawsuit was filed in response to the indemnity request, based on Ingenico's allegations in its declaratory judgment complaint. *See* D.I. 1, ¶¶ 1, 5-11.  IOENGINE believes that such context is important for the jury to understand Ingenico's lawsuit. Ingenico disagrees and believes it will lead to jury confusion.

19.     If the Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## IV.     INTENDED PROOFS

20.     Plaintiff's brief statement of intended proofs is set forth in **Exhibit 4P**.

21.     Defendants' brief statement of intended proofs is set forth in **Exhibit 4D**.

22.     A statement of proposed *Findings of Fact and Conclusions of Law* for any issues not tried to the jury are not submitted with this Pretrial Order, including but not limited to issues related to inequitable conduct and unenforceability. The Parties submit that the Court should conduct a bench trial to address non-jury issues, if necessary. To the extent a bench trial on non-jury issues will be held, Plaintiff and Defendants propose to submit proposed *Findings of Fact and Conclusions of Law* in accordance with a schedule set by the Court.

## V.     TRIAL WITNESSES

23.     In **Exhibit 5P**, attached hereto, Plaintiff identifies the witnesses it intends to call to testify in person at trial.

24.     In **Exhibit 5D**, attached hereto, Defendants identify the witnesses they intend to call to testify in person at trial.

### A.     Deposition Designations

25.     In **Exhibit 6P**, Plaintiff identifies a list of all depositions, or portions thereof, to be read into evidence and Defendants' counter-designations and objections thereto.

26.     In **Exhibit 6D**, Defendants identify a list of all depositions, or portions thereof, to be read into evidence and Plaintiff's counter-designations and objections thereto.

27.     This pretrial order contains the parties' good faith efforts to provide deposition designations, counter-designations, and counter-counter-designations. The parties may not add new deposition designations or counter-designations, or provide new objections to the listed

designations or counter-designations, except for good cause shown or by agreement of the parties. The parties are expected to continue to engage in good faith efforts to reduce the number of deposition designations and counter-designations and objections thereto included in this pretrial order.

28.     Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

29.     This pretrial order contains the parties' deposition designations, counter-designations, and counter-counter-designation, as well as all objections thereto. The parties are expected to continue to meet and confer in good faith to resolve objections to designations.

30.     For any witness whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played to the jury, the order in which the witness(es) will be played, and the proposed exhibits used in the designations by 7:00 p.m. two (2) calendar days before the designations are to be played to the jury.  When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two (2) copies of the transcript of the designations, counter-designations, and counter-counter designations that will be played.

31.     The designations, counter-designations, and counter-counter-designations will be read or played by video in chronological order at the same time. The parties will be charged for time according to the following proportions: each side shall be charged only with the time needed to play its own designations, counter-designations, or counter-counter-designations, and will not be charged with the time necessary to play the other side's designations, counter- designations, or counter-counter-designations.

6

32.     Colloquy between counsel, requests to have the court reporter read back a question, and objections will be eliminated when a deposition excerpt is played at trial.

33.     The party offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness. A copy of the video deposition clips shall be provided to the opposing party no later than 7:00 p.m. the day before the deposition testimony is expected to be played, or state in writing that the deposition will be read into the record.

34.     For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company with which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

35.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness. Any sworn testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party identified that testimony on its list of deposition designations. The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including but not limited to objections based on lack of completeness and/or lack of inconsistency.

**B.     Agreements Regarding Presentation and Identification of Witnesses**

36.     The parties agree that fact witnesses will be sequestered prior to their testimony. The parties agree that expert witnesses need not be sequestered. Notwithstanding the foregoing, the parties agree that a single corporate representative for each party need not be sequestered even if the corporate representative may also be a fact witness.

37.     The parties will identify by email to the opposing parties the list of the witnesses they intend to call live, the order in which they intend to call them, by 7:00 p.m. two calendar days before the day on which such witness [will / is expected to][4] be called to testify. (For example, if a party [conducts / expects to conduct] an examination on Thursday, notice is to be given to the opposing party by 7:00 p.m. on Tuesday.).  To the extent a party is identifying both live witnesses and witnesses by deposition for a particular day, the party will identify the order in which they intend to call or present all such witnesses.  The other parties shall identify any objection to such witness(es) by 7:00 p.m. the following day, i.e., the night before the trial day on which the witnesses will be called to testify, and the parties shall meet and confer to resolve any objections at 8:00 p.m. that same evening. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention at the beginning of the day on which the witness will be called to testify. This paragraph applies only to the identification of live witnesses. Witnesses whose testimony will be presented via deposition must be disclosed according to the schedule set forth in Section V.A above.

## VI.     EXHIBITS

38.     The joint list of exhibits that the parties intend to offer at trial is attached as **Exhibit 7**.

39.     Plaintiff's list of exhibits that it intends to offer at trial, with Defendants' objections, is attached as **Exhibit 8P**.

---

[4] IOENGINE's position is that both parties need to disclose witnesses erring on the side of caution, even if that means that a witness ends up being disclosed a day early. Ingenico agrees that the parties will endeavor to disclose witnesses 2 days prior to calling them, but trials are unpredictable and it is not always possible to accurately estimate.

40.     Defendants' list of exhibits that they intend to offer at trial, with Plaintiff's objections, is attached as **Exhibit 8D**.

41.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.  The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence.

42.     This Pretrial Order contains the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such exhibits, neither of which shall be supplemented after the date of the pretrial conference without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted into evidence unless good cause is shown.

43.     Each exhibit list contains all of the exhibits that a party intends to present at trial other than exhibits used solely for impeachment.   With the aforementioned exceptions, exhibits not listed on a party's exhibit list or on the opposing party's exhibit list will not be admitted into evidence unless good cause is shown.

44.     Exhibits to be used solely for impeachment need not be disclosed in advance of being used at trial.

45.     The parties agree to provide witness binders for each fact and expert witness for both direct examination and cross-examination.

46.     Except as provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

47.     Any trial exhibit that was produced in discovery by Ingenico or IOENGINE and that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

48.     Any exhibit, once admitted at trial, may be used equally by any party, subject to the Federal Rules of Evidence.

49.     Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered, but only if such context is not reasonably foreseeable.  All other objections to the admissibility of evidence shall be raised beforehand, pursuant to the provisions of this order and the Court's Fifth Revised Scheduling Order (D.I. 446).

50.     The parties agree that any description of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material.

51.     The parties agree that if any party removes or otherwise withdraws an exhibit from its Exhibit List, another party may amend its Exhibit List to include that same exhibit. The parties also agree that the parties may make objections to such exhibit, other than an objection based on untimely listing.

52.     Pursuant to the Court's Fifth Revised Scheduling Order, the parties anticipate that all exhibit objections will have been resolved before trial.  A party will identify exhibits to be used in connection with direct examination by 7:00 p.m. two (2) days before their intended use.  If there

are any outstanding objections to any such disclosed exhibit, the parties shall raise such objection with the Court the morning of its intended use.

53.     The parties will exchange final digital copies of their exhibits, with exhibit numbers, seven (7) days before the first day of trial. The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The exhibit prefixes for identification, including for physical exhibits, shall be: "JX" for exhibits on the Joint Exhibit List; "PX" for exhibits on Plaintiff's Exhibit List, and "DX" for exhibits on Defendants' Exhibit List. The page numbering shall begin at one (1) for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 62 of Joint Exhibit 5 would be endorsed / paginated as either: "JX-005.62" or "JX-5.62."

54.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

## A.     Demonstrative Exhibits

55.     Plaintiff's demonstratives will be identified with PDX numbers.

56.     Defendants' demonstratives will be identified with DDX numbers.

57.     The parties will exchange demonstratives for intended use in opening statements by 1:00 p.m. one (1) calendar day before opening statements. The parties will provide any objections to such demonstrative by 3:00 p.m. one (1) calendar day before opening statements, and the parties will meet and confer by 5:00 p.m. the same day. If good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention at the beginning of the next day.

58.     A party will provide demonstrative exhibits to be used in connection with direct examination no later than 7:00 p.m. the calendar day before their intended use, and objections will be provided no later than 9:00 p.m. the night before their intended use.

59.     The parties are to meet and confer to attempt to resolve any objections at 9:30 p.m. the night before the demonstrative's intended use. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the applicable witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit (if the propounding party fails to provide the exhibit as called for above) or waiver of objection to the exhibit (if the objecting party fails to object to the exhibit as called for above or fails to bring its objection to the Court's attention prior to the witness being called).

60.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF and PowerPoint format. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side electronically via a video or similar file. For irregularly-sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

61.     This provision does not apply to demonstratives created during testimony, which do not need to be provided to the other side in advance of their use. In addition, demonstratives that consist entirely of blow-ups or highlights of admitted exhibits or parts of admitted exhibits or testimony that are properly allowed to be shown to the jury, are not required to be provided to the other side in advance of their use.

## VII.    DOCUMENTS CONTAINING JUDICIAL ADMISSIONS

62.     It is IOENGINE's position that a party may read at trial (subject to such rulings as the Court may make as to admissibility) a factual statement made by or on behalf of its party-

opponent in any of such party opponent's pleadings, responses to interrogatories, responses to requests for admissions, or any amendment to or supplementation thereof, provided that the party seeking to read such statement provides notice by e-mail to the other party by 6:00 p.m. one (1) calendar day preceding the day on which such statement is intended to be presented at trial. If there are any objections to any such statement, the parties shall raise such objection with the Court the morning of its intended use.

63.     It is Ingenico's position that this is not appropriate and would be misleading and confusing to jurors. The factual statements made in discovery responses, for example, are often contingent on numerous objections and caveats, and having an attorney read a factual statement alone out of context to a juror is misleading, confusing, and potentially prejudicial.

## VIII.  RELIEF SOUGHT

64.     IOENGINE intends to seek the following relief:

   a.  A minimum reasonable royalty for Ingenico's infringement as of October 31, 2021 equaling at least $22,985,020, not including pre- and post-judgment interest.

   b.  Enhanced damages for Defendants' willful infringement. 35 U.S.C. § 284.

   c.  Pre-judgment and post-judgment interest, costs, and attorneys' fees. 35 U.S.C. §§ 284-285.

   d.  A permanent injunction preventing Defendants from future infringement of the patents-in-suit.

65.     Ingenico intends to seek the following relief:

   a.  A declaration that Ingenico has not infringed and does not infringe the Asserted Patents;

b.  A declaration that the Asserted Patents are invalid and unenforceable;[5]

c.  an order enjoining IOENGINE and its officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from charging infringement or instituting or continuing any legal action for infringement of the Asserted Patents against Ingenico or its customers, suppliers, manufacturers, distributors, resellers, or end users of its products;

d.  an order declaring that this is an exceptional case and awarding Ingenico its reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

e.  an order awarding Ingenico its costs and expenses; and

f.  an order awarding interest on amounts due to Ingenico.

## IX.  DISCOVERY

66.  Each party has completed discovery.

## X.  NUMBER OF JURORS

67.  IOENGINE's position is that eight (8) jurors be selected.  Ingenico's position is that ten (10) jurors be selected. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

---

[5] It is IOENGINE's position that this statement of relief sought should be struck as it was not requested in Ingenico's pleadings.

## XI.   LENGTH OF TRIAL

68.    The trial will be timed. Unless otherwise noted, time will be charged to a party for its direct and redirect examination of witnesses it calls, and cross-examination of witnesses called by any other party, excluding time spent at sidebar.

69.    The Courtroom Deputy will keep a running total of trial time used by counsel. If a party uses all of its allotted trial time, the Court will have the option to terminate that party's trial presentation.

70.    Each side will be allocated a total of eleven (11) hours in which to present its respective case, not including opening statements, closing arguments, and arguments on motions for judgment as a matter of law.

## XII.   HANDLING OF CONFIDENTIAL INFORMATION AT TRIAL

71.    To address confidentiality concerns, the parties agree that witnesses competent to testify regarding source code (including experts) may present testimony regarding source code, or based upon source code, without offering the source code itself into evidence.

72.    Persons entitled to have access to CONFIDENTIAL – ATTORNEYS' EYES ONLY information under the Protective Order (D.I. 40) shall not be excluded from the courtroom and shall have the right to review any information presented by either party at trial, including, but not limited to, exhibits and trial transcripts; provided, however, that such persons who are not entitled to have access to CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information under the Protective Order shall not be permitted to review any exhibits designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information other than as may be published or presented to the jury in Court during a witness examination.

73.     With the exception of a single corporate representative for each party, persons not entitled to have access to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be excluded from the courtroom, at the request of any party and subject to the Court's approval, during the presentation of any evidence designated CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE information, or any testimony that is reasonably anticipated to solicit such information.

## XIII.  MISCELLANEOUS TRIAL STIPULATIONS

74.     Each party shall not make comment, argument, testimony, or evidence stating, suggesting, or implying that the conduct of the other party is responsible or the cause for (1) the timing of the trial as it relates to the specific date of the trial, (2) jurors having to come to the courthouse and/or serve on the jury during the pandemic, (3) any risk to health or safety of the jurors, their families, members of the community, or anyone else, or (4) any burden or inconvenience to the jurors as it relates to the pandemic or the specific date of the trial.

75.     Each party shall make no mention of inequitable conduct or issues committed to the equitable powers of the Court. For the avoidance of doubt, this agreement does not alter the Court's Order on Ingenico's Spoliation Motion.  D.I. 400.[6]

76.     Each party shall make no mention of attorney fee agreements.

77.     The parties agree that the current version of the Federal Judicial Center Introduction to the Patent System video (2013 revision) will be played as part of the Court's preliminary jury instructions.

---

[6] To the extent a party believes it is entitled to mention any such issue, the party shall first raise the matter with the Court outside the presence of the jury.

## XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

78.     The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

## XV.   AMENDMENTS OF THE PLEADINGS

79.     The parties do not seek to amend the pleadings at present.

## XVI.  SETTLEMENT

80.     The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated**:** May 27**,** 2022                                SMITH, KATZENSTEIN & JENKINS LLP

OF COUNSEL:                                  _/s/ Eve H. Ormerod_____
                                            Neal C. Belgam (No. 2721)
Noah M. Leibowitz                            Eve H. Ormerod (No. 5369)
Gregory T. Chuebon                           1000 West Street, Suite 1501
DECHERT LLP                                  Wilmington, Delaware 19801
1095 Avenue of the Americas                  (302) 652-8400
New York, NY 10036                           nbelgam@skjlaw.com
(212) 698-3500                               eormerod@skjlaw.com
noah.leibowitz@dechert.com
greg.chuebon@dechert.com                     _Counsel for IOENGINE, LLC_

OF COUNSEL:

Kerry L. Timbers
Sharona H. Sternberg
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ktimbers@sunsteinlaw.com
ssternberg@sunsteinlaw.com

*/s/ Christine D. Haynes*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Plaintiffs and Counterclaim
Defendants Ingenico, Inc., Ingenico Corp. and
Ingenico Group S.A.*

SO ORDERED this ___ day of _____, 2022

_____
THE HONORABLE WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

18