# Exhibit 2D

Exhibit 2D
Ingenico's Statement of Facts That Remain to be Litigated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENICO INC., <br>   *Plaintiff,* <br><br> v. <br><br> IOENGINE, LLC, <br>   *Defendant,* <br><br> IOENGINE, LLC, <br>   *Counterclaim Plaintiff,* <br> v. <br><br> INGENICO INC., INGENICO CORP., and INGENICO GROUP SA, <br>   *Counterclaim Defendants.* | C.A. No. 18-826-WCB <br><br> JURY TRIAL DEMANDED |

**EXHIBIT 2D**

**INGENICO'S STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**

Exhibit 2D

Ingenico's Statement of Facts That Remain to be Litigated

      Ingenico presents the following statement of issues of fact that remain to be litigated. This statement is based on the current status of the case and the Court's rulings to date. Ingenico reserves the right to modify or supplement this statement in response to subsequent Court rulings and/or attempts by IOENGINE to introduce different or additional facts. The following statement of issues of fact is not exhaustive, and Ingenico reserves the right to prove any matters identified in the pleadings, interrogatory responses, and/or expert reports. Ingenico intends to offer evidence as to the issues of fact and issues of law identified in this Pretrial Order. Ingenico further intends to offer evidence to rebut evidence offered by IOENGINE. Should the Court determine that any issue identified here is more appropriately considered an issue of law, Ingenico incorporates such issues by reference into its statement of issues of law that remain to be litigated. To the extent that Ingenico's statement of issues of law that remain to be litigated contains issues that the Court deems to be issues of fact, those issues are incorporated herein by reference. Ingenico does not assume the burden of proof with regard to any of the below-listed issues of fact. Ingenico also incorporates by reference its expert reports to identify the issues to be resolved at trial.

      Ingenico's identification of issues of fact that remain to be litigated is based in part on Ingenico's understanding of IOENGINE's arguments regarding infringement, invalidity, and damages, which are based on IOENGINE's pleadings, interrogatory responses, contentions, and expert reports. Ingenico believes that any arguments IOENGINE did not raise in its expert reports, pleadings, contentions, or in its responses to Ingenico's interrogatories have been waived, and Ingenico does not address any such arguments. Ingenico reserves the right to address additional issues not set forth herein to the extent they are raised by IOENGINE at trial. These issues of fact may change based on the Court's decisions on various motions.

Exhibit 2D
Ingenico's Statement of Facts That Remain to be Litigated

**I.     NON-INFRINGEMENT OF THE ASSERTED PATENTS**

1. Whether IOENGINE has proven by a preponderance of the evidence that Ingenico directly infringed, either literally or under the doctrine of equivalents, claims 3 and 10 of the '969 Patent (the "'969 Patent Asserted Claims") or claims 56, 90, 101, 105, 114, and 124 of the '703 Patent (the "'703 Patent Asserted Claims") (together with the '969 Patent Asserted Claims, the "Asserted Claims").

2. Whether IOENGINE has proven by a preponderance of the evidence that Ingenico has infringed, either literally or under the doctrine of equivalents, the Asserted Claims by inducing acts that constitute infringement of one or more of the Asserted Claims with knowledge of the Asserted Patents.

3. Whether IOENGINE has proven by a preponderance of evidence that Ingenico has contributed to another's infringement, either literally or under the doctrine of equivalents, of one or more of the Asserted Claims.

4. If IOENGINE has proven infringement of the Asserted Claims, whether IOENGINE has proven by a preponderance of the evidence that Ingenico's infringement of the Asserted Claims was willful.

5. Whether non-infringing alternatives exist to practicing the Asserted Claims of the Asserted Patents.

**II.    INVALIDITY**

6. The scope and content of the prior art asserted against the Asserted Patents.

7. If disputed, the level of ordinary skill in the art at the time of the alleged invention of the Asserted Patents.

8. Whether Ingenico is estopped from proving the Asserted Claims are invalid over the asserted prior art.

Exhibit 2D
Ingenico's Statement of Facts That Remain to be Litigated

9. Whether Ingenico has proven by clear and convincing evidence that the Asserted Claims are invalid as anticipated by the prior art.

10. Whether Ingenico has proven by clear and convincing evidence that the Asserted Claims are invalid as rendered obvious in view of the prior art.

11. If necessary, whether IOENGINE has proven sufficient objective indicia to support the non-obviousness of the Asserted Claims and/or to rebut any *prima facie* case of obviousness of the Asserted Claims presented by Ingenico.

12. If necessary, whether IOENGINE has met its burden to demonstrate a conception date prior to the filing of March 23, 2004.

13. If necessary, whether IOENGINE has met its burden to prove that Mr. McNulty exercised diligence in reducing the invention to practice following his conception of the invention.

### III. REMEDIES

14. Whether IOENGINE has proven that it is entitled to damages due to Ingenico's infringement of the Asserted Claims.

15. If IOENGINE is entitled to damages, the amount of those damages.